```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA A. MITCHELL,
                        Plaintiff,                    09-CV-6301

               v.                                     DECISION
                                                      and ORDER
MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff Patricia A. Mitchell ("Plaintiff") brings this action pursuant to the Social Security Act (codified in relevant parts at 42 U.S.C. §§ 405(g) and 1383(c)(3)), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB"). Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Elizabeth W. Koennecke denying her application for benefits was against the weight of substantial evidence contained in the record and based on errors of law. Plaintiff requests that the Court reverse the judgment of the Commissioner and remand for calculation of benefits, or in the alternative, for further administrative proceedings.

The Commissioner moves for judgment on the pleadings on the grounds that the ALJ's decision was supported by substantial evidence in the record and was based upon the application of the correct legal standards. Plaintiff cross-moves for judgment on the

pleadings and opposes the Commissioner's motion on the grounds that the Commissioner's decision was not supported by substantial evidence. For the reasons set forth below, I find that the decision of the Commissioner was supported by substantial evidence in the record and was in accordance with the applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's cross-motion for judgement on the pleadings.

## BACKGROUND

On April 17, 2006, Plaintiff protectively filed an application for DIB, alleging disability beginning April 14, 2005. (T. 55-57). The claim was initially denied on July 31, 2006. (T. 51-54). Thereafter, the Plaintiff timely filed a written request for hearing on August 10, 2006. (T. 50). On September 4, 2008, the Plaintiff and her attorney, Scott Learned, appeared at a hearing held in Elmira, NY. (T. 225-45). The hearing was held via videoconferencing though, with Plaintiff's counsel's permission, was conducted via audio only due to technical difficulties. Id. In a decision dated September 27, 2006, ALJ Elizabeth W. Koennecke found that the Plaintiff was not disabled within the meaning of the Social Security Act. (T. 18-28). The Appeals Council denied review on April 10, 2009, rendering the ALJ's decision the final decision of the Commissioner. (T. 2-4). The Plaintiff subsequently filed this action on June 11, 2009.

## DISCUSSION

### I. Jurisdiction and Scope of Review

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. See Mathews v. Eldridge, 424 U.S. 319, 320 (1976). In addition, Section 405(g) directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Section 405(g) thus limits this Court's scope of review to two inquiries: (i) whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole, and (ii) whether the Commissioner's conclusions are based upon an erroneous legal standard. See Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that

review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

Both Plaintiff and Defendant move for judgment on the pleadings pursuant to 42 U.S.C. 405(g) and Rule 12(c) of the Federal Rules of Civil Procedure. Section 405(g) provides that the District Court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C.S. § 405(g) (2007). Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. See Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

## II. **The ALJ's disability determination was supported by substantial evidence in the record**.

In finding that the Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's five-step sequential analysis for evaluating applications and determining whether an individual is disabled. See 20 C.F.R. § 404.1520 and 416.920(a)(4)(i)-(v)(2009).[1]

---

[1] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary, will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based

Under step one of that process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since April 14, 2005, the alleged onset date. (T. 19). At steps two and three, the ALJ found that the Plaintiff's impairments, residual of a lumbar laminectomy, fibromyalgia syndrome and obesity, were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. 19-20). At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work as she only had "the residual functional capacity [("RFC")] to lift or carry 20 pounds occasionally and 10 pound frequently, stand or walk 6 hours in an 8-hour day and sit 6 hours in an 8-hour day. [Also, s]he c[ould] perform occasional bending but should perform no frequent bending or twisting." (T. 21-23). For step five of the analysis, the ALJ used the Medical-Vocational Rules found in 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Rules") to direct a finding of not disabled. (T. 23-24). More specifically she found that since "[t]he limitations of the claimant's residual functional capacity do not take her out of the full range of light work, [] which includes

---

solely on medical evidence, whether the claimant has any impairment or combination of impairments that meet or medically equal any of those listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity to perform his past work; and (5) determine whether the claimant can perform other work. See id.

sedentary work, [] a finding of 'not disabled' [wa]s directed by Medical-Vocational Rules 202.13 and 201.13." (T. 24).

Plaintiff contends that the Administration's determination is not supported by substantial evidence for three reasons. (Plaintiff's Brief ("Pl. Mem."), 1, 15-24). First, she believes that the ALJ "violated the treating physician rule in selectively ignoring portions of the medical record." (Pl. Br., 9-13). Second and consequently, the Plaintiff believes that the ALJ "rendered an improper conclusion with respect to the residual functional capacity." (Pl. Br., 13-16). Finally, Plaintiff claims that the ALJ "made reversible error in relying on the grids." (Pl. Br. 16). The Commissioner contends that the ALJ's decision was supported by substantial evidence in the record because an "RFC assessment is a legal conclusion to be made by the ALJ as a trier of fact," not the by the Plaintiff, and since the ALJ adequately weighed the opinions of the medical experts in the record, her decision must be affirmed. (Defendant's Brief ("Def. Br."), 18).

**A. The ALJ properly applied the treating physician rule.**

Social Security Regulations state that an ALJ must give a treating source's opinion on the nature and severity of an individual's impairment controlling weight if that opinion is well-supported by medically acceptable clinical evidence and laboratory diagnostic techniques and is not inconsistent with other

substantial evidence.[2] 20 C.F.R. § 404.1527(d)(2). However, when an ALJ is faced with multiple and genuinely contradictory medical opinions, it falls to the ALJ to weigh the totality of the evidence in the record, both medical and non-medical, in order resolve the conflicts and make a proper RFC assessment. 20 C.F.R. § 404.1546; Aponte v. Secretary, Dep't of Health & Human Services, 728 F.2d 588, 591 (2d Cir. N.Y. 1984). An ALJ may choose between properly submitted medical opinions provided she relies on medical evidence in the record and does not arbitrarily substitute her own judgment for that of the medical professionals before her. Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. N.Y. 1998)(in the absence of supporting medical opinion an ALJ may not dismiss as unsupported the opinions of a treating physician). When an ALJ's assessment is supported by substantial evidence in the record, his or her decision must be upheld. See Bubnis, 150 F.3d at 181.

Plaintiff contends that the ALJ misapplied the treating physician rule by relying in "large part" upon the opinions of Dr. Boman, Plaintiff's treating physician and surgeon. (Pl. Br. 11). The bulk of Plaintiff's argument rides on two issues: (1) that the ALJ made a factual and legal error by stating that Dr. Boman had

---

[2]When a treating source's opinion is not consistent with the record as a whole, the ALJ must consider the following factors in determining what weight to give the opinion: "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors. Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998) (citing 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2)).

the longest treating relationship with Plaintiff and consequently giving his opinions the most weight, and (2) that the ALJ failed to take into consideration her fibromyalgia when making her RFC assessment, as Dr. Boman's opinions do not speak to that aliment. (Def. Br. 10-16).

After setting forth all of the medical opinions in the record and giving "[t]reating and examining source opinions that [we]re consistent [] considerable weight," the ALJ stated "Dr. Bowman (sic) has the longest treating relationship with the claimant and therefore his opinion is entitled to the most weight and forms the basis for the [RFC] found." (T. 22). Plaintiff contends that Dr. Boman did not in fact have the longest treating relationship with Plaintiff. (Pl. Br. 11-12). In Plaintiff's application she stated she first saw both Dr. Boman and Dr. Povanda in the 1990s. (T. 69). Earlier in the opinion, the ALJ noted that Dr. Povanda first saw Plaintiff in 1996. (T. 22). This fact appears in a Fibromyalgia RFC report submitted by Dr. Povanda, dated June 11, 2008, stating that he had first seen Plaintiff on October 2, 1996.[3] (T. 189-193). It is unclear when Plaintiff first saw Dr. Boman.[4] Regardless, while the record is unclear as to which physician had the longest treating history, what is significant is that both knew

---

[3] Treating notes from Big Flats Primary Care (Dr. Povanda) only span November 2003 to December 2005. (T. 120-137).

[4] Treating notes from Arnot Ogden Medical Center (Dr. Boman) span April 2002 to September 2008. (T. 153-176, 200-221).

her before her severe back injury in 2005, and her more recent fibromyalgia diagnosis in 2007. (T. 99, 197-199, 232).

Further, this Circuit has held that "reversal and remand [are] only [required] where there is a significant chance that but for the error, the agency might have reached a different result." Nat'l Labor Relations v. American Geri-Care, Inc. 697 F.2d 56, 64 (2d Cir. 1982), cert denied, 461 U.S. 906 (1983). Where a "Plaintiff cannot demonstrate that [an] error was more than harmless," a District Court may affirm. Palaschak v. Astrue, 2009 U.S. Dist. LEXIS 126279 (N.D.N.Y Nov. 13, 2009). If the ALJ did make a factual error in her RFC explanation, it was understandable in light of the confusion in the record. Moreover, Plaintiff has failed to demonstrate that the error was determinative of to the final RFC assessment. The ALJ did not rely solely on Dr. Boman's opinion that Plaintiff "had a long-term restriction of lifting 30 pounds or less and should be perform repetitive bending, lifting or twisting." (T. 21, 207). In fact, the ALJ considered all of the evidence from treating and examining sources when making her RFC assessment, including Drs. Boman and Povanda and one-time examiners Drs. Norsky and Freeman. (T. 21-23). Furthermore, in resolving the inconsistencies between opinions, she gave Plaintiff the benefit of the doubt by accepting more restrictive limitations so long as they were well-supported and relatively consistent. (T. 21-23). The ALJ accepted that the Plaintiff had further restrictions on lifting as so limited her to "20 pounds occasionally and 10 pounds

frequently." (T. 21). She also accepted that Plaintiff had limitations sitting and standing/walking and so assessed that she could sit, stand or walk six hours in an eight hour day. Id. Dr. Povanda opined that Plaitff could sit about four hours in a day and stand/walk at least six. (T. 191). Dr. Freeman, a rheumatologist, who diagnosed Plaintiff with the fibromyalgia, opined that Plaintiff "would be unable to do any work that required prolonged standing, much walking, bending, lifting or overhead work." (T. 199). Both of these opinions place restrictions on Plaintifff's ability to sit or stand/walk that were not present in Dr. Boman's opinions but did appear in some form in the RFC assessment.

Plaintiff also contends that the ALJ failed to take into consideration her fibromyalgia as she relied primarily on Dr. Boman's opinion and discounted the opinions of the two sources who addressed that ailment, Drs. Freeman and Povanda. This argument is not supported by the record or the ALJ's decision. First, as stated above, the ALJ did consider and incorporate both Dr. Freeman and Dr. Povanda's opinions in her RFC assessment. Second, Dr. Povanda's most restrictive opinions, especially those opinions that speak to Plaintiff's need to alternate between sitting and standing every 15 minutes and her need to elevate her legs for twenty-five percent of the day, are not supported by clinical evidence or treating notes. (T. 191). Dr. Povanda's opinions are far more restrictive than the even the opinions of Dr. Freeman, the

rhuematalogist, and he was the only medical source in the record to opine restrictions on Plaintiff's ability to sit for prolonged periods. Even consultative physician Dr. Norsky, who examined Plaintiff three months after her back surgery opined that Plaintiff "certainly c[ould] perform all of the physical activities in a sedentary position using her upper extremities," provided she did not lift more than 10 pounds or repetitively bend. (T. 179). Plaintiff's argument that the ALJ selectively failed to consider her fibromyalgia is without merit. The ALJ found fibromyalgia to be one of Plaintiff's severe impairments at step two and considered it in her RFC assessment at step four, supporting her assessment and recognizing Plaintiff's treatment by her treating physicians with comprehensive explanation. See Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008)(internal citations removed) ("After considering the factors, the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'")

Plaintiff's argument that the ALJ improperly applied the treating physician rule is flawed. While Dr. Povanda was her primary care physician, Dr. Boman had a longstanding treating relationship with Plaintiff, saw her more frequently, and was not unaware of her fibromyalgia. (T. 208). Furthermore, the ALJ considered all of the medical sources before her and incorporated Dr. Povanda and Dr. Freeman's opinions into her RFC assessment. Accordingly, I find that the ALJ's assessment was supported by substantial evidence in the record and must be affirmed.

**B. The ALJ's use of the grids was appropriate.**

Plaintiff argues that the ALJ's use of the grids was inappropriate because "[c]learly there were non-exertional impairments present." (Def. Br. 17). However, the Plaintiff does not list the non-exertional impairments to which she is referring. If Plaintiff refers to Dr. Povanda's opinion that Plaintiff must be able to shift between sitting and standing every fifteen minutes and have her legs elevated for a percentage of the day, the ALJ considered this portion of the opinion and dismissed it as inconsistent with the record as a whole. (T. 22). As Dr. Povanda's sit/stand limitation is not backed up by clinical evidence or even treating notes,[5] the ALJ's dismissal was not improper. Again, it is the ALJ's prerogative to make an RFC assessment after weighing the evidence and the District Court may not reverse provided there is substantial evidence in the record to support her findings.

In the alternative, Plaintiff argues that "at most, [she] would have been restricted to sedentary work and [the grids] would have mandated a finding of disability." (Def. Br. 17). Yet, the ALJ was careful to acknowledge that light work includes sedentary work and that even if Plaintiff was restricted to sedentary work, considering her recent vocational training she would still be disabled under the grids at Rule 201.13. (T. 24, 231); 20 C.F.R. Part 404, Subpart P, Appendix 2.

---

[5] Povanda's treating notes do not go farther than 2005 and Plaintiff's fibromyalgia was diagnosed in 2007. (T. 120-37, 196-99).

I find that the ALJ's RFC assessment that Plaintiff could perform a full range of light work is supported by substantial evidence in the record, and that the ALJ properly utilized the grids in determining that Plaintiff was not disabled.

## CONCLUSION

For the reasons set forth above, I find that the ALJ properly applied the treating physician rule and was within her discretion in weighing the conflicting evidence before her and ultimately relying on the grids. I find that the Commissioner's decision was supported by substantial evidence in the record and was not determinatively based on legal error. Accordingly, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
Michael A. Telesca
United States District Judge

DATED: August 4, 2010
       Rochester, New York